1  ARTHUR I. WILLNER (SBN 118480)
   GLADSTONE MICHEL
2  WIESBERG WILLNER & SLOANE ALC
   A Law Corporation
3  Mail Service:
     Post Office Box 92621
4    Los Angeles, CA  90009-9998
   Location:
5    4551 Glencoe Avenue, Suite 300
     Marina del Rey, CA  90292-7925
6  Tel:  (310) 821-9000 • Fax: (310) 775-8775

7  Attorneys for Plaintiff LANCE HODGE

8
                  UNITED STATES DISTRICT COURT
9
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11  LANCE HODGE,                          )   CASE NO.
                                          )
12                   Plaintiff,           )   CV12-00780 PSG (Ex)
                                          )
13  vs.                                   )
                                          )
14  ANTELOPE VALLEY                       )   COMPLAINT
    COMMUNITY COLLEGE                     )
15  DISTRICT; ANTELOPE VALLEY             )
    COLLEGE; The Trustees of the          )   DEMAND FOR JURY TRIAL
16  Antelope Valley Community College     )
    District: STEVE BUFFALO, EARL J.      )
17  WILSON, BETTY WEINKE,                 )
    MICHAEL ADAMS, JACK SEEFUS,           )
18  and MAYELA MONTANO, all in            )
    their individual and official capacities; )
19  DR. JACKIE L. FISHER, SR., in his     )
    individual and official capacities as  )
20  Superintendent/President of the       )
    Antelope Valley Community College     )
21  District; SHARON LOWRY, in her        )
    individual and official capacities as  )
22  Assistant Superintendent/Vice         )
    President of Academic Affairs;        )
23  SHANE TURNER, in his individual       )
    and official capacities as Vice       )
24  President of Human Resources and      )
    Employee Relations; DR. KAREN         )
25  COWELL, in her individual and         )
    official capacities as Dean of Health )
26  Sciences; and DOES 1 through  10 ,    )
    Inclusive                             )
27                                        )
                     Defendants.          )
28                                        )

Hodge Complaint(Rev6).doc                1
                            COMPLAINT

1  Plaintiff Lance Hodge, by and through his counsel of record, and for his

2  Complaint against Defendants Antelope Valley Community College District;

3  Antelope Valley College; the Trusees of the Antelope Valley Community College

4  District: Steve Buffalo, Earl J. Wilson, Betty Wienke, Michael Adams, Jack

5  Seefus, and Mayela Montano; Dr. Jackie L. Fisher, Sr., Shane Turner, Sharon

6  Lowry, Dr. Karen Cowell, and DOES 1 through 200, hereby states as follows:

7  ## JURISDICTION AND VENUE

8      1.    This action raises federal questions under the First and Fourteenth

9  Amendments to the United States Constitution and the Civil Right Act of 1871, 42

10  U.S.C. § 1983.

11      2.    This Court has original jurisdiction over these federal claims pursuant

12  to 28 U.S.C. §§ 1331 and 1343.

13      3.    This Court has authority to award the requested declaratory relief

14  under 28 U.S.C. § 2201; the requested injunctive relief under 28 U.S.C. § 1343(a);

15  the requested damages under 28 U.S.C. § 1343(a); and attorneys' fees under 42

16  U.S.C. § 1988.

17      4.    Venue is proper under 28 U.S.C. § 1391 in the Central District of

18  California because a substantial part of the actions or omissions giving rise to this

19  case occurred within the Central District and at least one Defendant resides in the

20  Central District.

21  ## PLAINTIFF

22      5.    Plaintiff Lance Hodge is a resident of Springville, California.  At all

23  times relevant to this Complaint, he has been employed as an EMT instructor at

24  Defendant Antelope Valley College ("AVC").

25  ## DEFENDANTS

26      6.    Defendants Board of Trustees of the Antelope Valley Community

27  College District ("AVCCD") was and is, at all times relevant to this Complaint, the

28  governing body of the AVCCD.  Defendants Steve Buffalo, Earl J. Wilson, Betty

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA  90009-9998

1   Wienke, Michael Adams, Jack Seefus, and Mayela Montano are, and were at all

2   times relevant to this Complaint, members of the Board of Trustees of the

3   AVCCD.  The Board's duties include the adoption of rules and regulations

4   pursuant to California Education Code § 70902 that govern the California state

5   community colleges, including AVC.  These Defendants acted under color of law

6   when they violated Plaintiff Hodge's First and Fourteenth Amendment rights.  The

7   members of the Board of Trustees are sued in their individual and official

8   capacities.

9       7.    Defendant AVC was and is, at all times relevant to this Complaint, a

10  California state community college where Plaintiff Hodge has been employed as an

11  Emergency Medical Technology lecturer.  AVC is a community college that is

12  administered and operated by AVCCD.  AVC, through its officers, agents and

13  employees, make, execute, and implement decisions concerning faculty

14  employment and discipline.  AVC acted under color of state law when it violated

15  Plaintiff Hodge's First and Fourteenth Amendment rights.

16       8.    Defendant Dr. Jackie L. Fisher was and is, at all times relevant to this

17  Complaint, the Superintendent/President of AVCCD.  Pursuant to Board Policy

18  2430, among other duties, Defendant Fisher has executive responsibility

19  administering the policies adopted by Defendants Board of Trustees and Board of

20  Trustees members, executing all decisions of the Board requiring administrative

21  action, and ensuring that all relevant laws and regulations are complied with.  Dr.

22  Fisher acted under color of state law when he violated Plaintiff Hodge's First and

23  Fourteenth Amendment rights, and when he ratified the violation of Plaintiff's

24  rights by other agents and employees of AVCCD and AVC.  He is sued in his

25  official and individual capacities.

26       9.    Defendant Sharon Lowry was and is, at all times relevant to this

27  Complaint, the Assistant Superintendent/Vice President of Academic Affairs of

28  AVCCD.  Defendant Lowry.  Defendant Lowry acted under color of law when she

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

1  violated Plaintiff's First and Fourteenth Amendment rights.  She is sued in her

2  official and individual capacities.

3       10.    Defendant Shane Turner was and is, at all times relevant to this

4  Complaint, the Vice President of Human Resources and Employee Relations of

5  AVCCD.  Defendant Turner acted under color of law when he violated Plaintiff's

6  First and Fourteenth Amendment rights.  He is sued in his official and individual

7  capacities.

8       11.    Defendant Dr. Karen Cowell was and is, at all time relevant to this

9  Complaint, the Dean of Health Sciences at AVCCD.  Defendant Cowell acted

10  under color of law when she violated Plaintiff's First and Fourteenth Amendment

11  rights.  She is sued in her official and individual capacities.

12                         **FACTUAL BACKGROUND**

13       **A.    Lance Hodge's Professional Background**

14       12.    Plaintiff Lance Hodge has worked as a licensed paramedic for over

15  thirty years.

16       13.    As a paramedic, Mr. Hodge is in the role of a "first responder," *i.e.*, he

17  responds on an emergency basis to sick or injured patients at their homes or at

18  other locations outside of a formal medical setting such as a hospital.

19  Consequently, the EMT frequently arrives at scenes that are chaotic, unpredictable

20  and potentially dangerous.  In the more than thirty years during which Mr. Hodge

21  has worked as an EMT, he has personally responded to more than 15,000 9-1-1

22  emergency medical calls.

23       14.    Since 1992, Mr. Hodge has been employed by AVCCD on the AVC

24  faculty teaching courses in Emergency Medical Technology.

25       15.    The Emergency Medical Technology course taught by Mr. Hodge is

26  intended to prepare students to take the National Registry examination to become

27  an EMT-1.

28

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

16.     During the nineteen years he has been employed by AVCCD, course evaluations given by students for classes Mr. Hodge has taught have been overwhelmingly positive.  The administrative evaluations he has received have been similarly positive.  Mr. Hodge has consistently attempted to convey both the information required for work as an EMT as well as the "real world" scenarios that EMTs are bound to encounter.  Mr. Hodge has always conducted his classes fairly with respect to age, gender, disability, nationality, race, religion, and sexual orientation.

**B.     The April 22, 2010 EMT 101 Class**

17.     Mr. Hodge taught AVC's Emergency Medical Technician ("EMT 101") class during the spring 2010 semester.

18.     The course included instruction in the theory and techniques of emergency medical services to be performed by an EMT.  Students are trained to perform procedures and communicate with patients consistent with the emergency medical care of patients in a pre-hospital environment.  Students who successfully complete the course receive a certificate of completion, and are then required to pass a national exam in order to receive EMT certification.  Successful students are also required to complete clinical experience in an emergency room of an acute care facility, and/or with a qualified emergency ambulance service.

19.     On April 22, 2010, Mr. Hodge was teaching the EMT 101 class.  As part of a routine faculty evaluation, Defendant Cowell, Dean of Health Sciences at AVC, attended the class.

20.     During his April 22, 2010 class, Mr. Hodge discussed with his students the cultural differences that the EMT may encounter and must be prepared to deal with when responding to a medical emergency.  He discussed two actual incidents he had encountered as an EMT.  In one case, he described finding that a family had placed heated coins on a child to "to remove illness," which ultimately caused burns to the patient.  In he other case, he described arriving at a home and

1  finding that family members were conducting a ritual over the bedside of the

2  patient. He related that the family was waiving carved dolls and beads over the

3  patient reminiscent of a "witch doctor" ceremony, using that phrase to illustrate his

4  description of the scene, and gesticulating with his hands over his head to

5  demonstrate what he had witnessed.

6       21.    Mr. Hodge further explained to the class that the purpose of the

7  description was to explain that, as EMTs, they will encounter all kinds of

8  unexpected scenes; however, they must remain professional, sensitive and

9  respectful in the face of situations that are unfamiliar or that challenge their

10  understanding.

11       22.    None of the students in the April 22, 2010 class complained about Mr.

12  Hodge's lecture.

13       23.    Mr. Hodge's description of the incident, including both the words and

14  gestures, constituted protected speech.

15         C.    **The Tenured Faculty Evaluation Report**

16       24.    Defendants AVCCD and AVC issued a Tenured Faculty Evaluation

17  Report on May 27, 2010 (revised July 17, 2010), portions of which included

18  Defendant Cowell's evaluation of the April 22, 2010 lecture.

19       25.    The report characterized Mr. Hodge's tone and gestures with respect

20  to his description of the two examples of cultural practices as "flippant."

21       26.    The report rated Mr. Hodge's performance in the category of

22  "Sensitivity to Diversity" as "Needs Improvement." It mandated that Mr. Hodge

23  "write a ten page report (with references to professional literature) addressing

24  California and federal laws related to discrimination and Antelope Valley College

25  Board Policy 7100 regarding commitment to diversity," and that his report

26  describe how he would implement Board Policy 7100 in his classes. It also

27  required Mr. Hodge to submit his ten-page report to the Vice President for

28  Academic Affairs before February 11, 2011.

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

27.     The Tenured Faculty Evaluation Report also required Mr. Hodge to "include a one hour class on cultural diversity in his EMT 101 lecture," and mandated that "the lesson plan for the class will be submitted to the peer-team at least two weeks prior to the presentation of the lesson to the class."

**D.     The District's Further Actions Toward Plaintiff**

28.     On October 14, 2010, Mr. Hodge met with Defendants Cowell and Lowry to discuss the evaluation report.  Mr. Hodge expressed his view that his academic freedoms had been violated by the report's negative rating and the discipline over his lecture.  Defendants Cowell and Lowry rejected his view, and reiterated that he should not use certain words and gestures during his lectures.

29.     On October 28, 2010, in response to the evaluation report, Mr. Hodge submitted a 25-page paper entitled "California and Federal Laws Related to Discrimination and Antelope Valley College Board Policy 7100 Regarding Commitment to Diversity."  On the same date, he also submitted a 14-page lesson plan on cultural diversity entitled "Political Correctness vs. The Real World: The EMT and Professionalism in the Face of Offensive Language or Behavior and our Understanding of Stereotyping and Prejudice."

30.     Also on October 28, 2010, Mr. Hodge filed a grievance against both Defendants Cowell and Lowry challenging his punishment as a violation of his academic freedom under Board Policy 4030 on Academic Freedom.  Mr. Hodge re-filed this grievance on November 9, 2010.

31.     On November 23, 2010, Defendant Turner wrote to Mr. Hodge stating that the lesson plan he prepared did not adequately address "cultural diversity." Turner directed him not to present the lesson plan, and stated that his doing so would subject him to disciplinary action.

32.     On November 24, 2010, in response to Mr. Hodge's grievance of November 9, 2010, Defendant Turner wrote to Mr. Hodge asserting that in his April 22, 2010 lecture he had "made statements that deprecated cultural beliefs."

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

1   Turner further asserted that, by having purportedly "deprecated cultural beliefs,"

2   Mr. Hodge had violated AVC's "code of ethics" thereby requiring AVC's

3   evaluation team to provide him with the "guidance and tools to correct this

4   deficiency in your classroom performance." Finally, Turner's letter asserted that

5   "the District's interests in regulating speech that deprecates cultural beliefs"

6   outweighs Mr. Hodge's First Amendment right to make the statements he made

7   during his lecture. Turner concluded his letter by stating that the District's actions

8   were appropriate, and denying Mr. Hodge's grievance.

9        33.    On November 30, 2010, Mr. Hodge sent a written appeal of Turner's

10   November 24, 2010 decision to Turner and to Defendant Fisher.

11        34.    On December 2, 2010, Fisher wrote to Mr. Hodge stating that the

12   actions of Defendants Cowell, Lowry, and Turner did not violate his academic

13   freedom, and denied his appeal of Turner's decision.

14        35.    Also on December 2, 2010, Mr. Hodge sent a memorandum to each

15   member of the District's Board of Trustees, including Defendants Steve Buffalo,

16   Earl J. Wilson, Betty Wienke, Michael Adams, Jack Seefus, and Mayela Montano

17   advising that his academic freedom and First Amendment rights had been violated

18   by Defendants' actions. The memorandum requested that these Defendants stop

19   the violations of his rights, and attached a copy of the lectured he had prepared to

20   give, but was prevented from giving under threat of further discipline by Defendant

21   Turner. However, none of the Board members has ever acknowledged receipt of

22   Mr. Hodge's memorandum, and has done nothing to stop the violations of Mr.

23   Hodge's rights under the law. To this day he has not received any response from

24   any Board member.

25   / / /

26   / / /

27

28

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

### E.    The District's Policies

36.    The District is organized under *California Education Code §§ 70900 – 70903.*

37.    The District is governed by the Board of Trustees pursuant to *California Education Code § 70902.*

38.    The Board of Trustees issues Board Policies that govern Defendant AVCCD, including Defendant AVC.

39.    Pursuant to Board Policy 1100, the AVCCD consists of Antelope Valley College.

40.    Board Policy 2200, "Board Duties and Responsibilities," contains the following statement:

The Board is committed to fulfilling its responsibilities to:

*                    *                    *

- Establish policies that define the institutional mission and set prudent, ethical and legal standards for college operations.

41.    Board Policy 2430, "Delegation of Authority to Superintendent/President," contains the following language:

The Board delegates to the Superintendent/President the executive responsibility for administering the policies adopted by the Board and executing all decisions of the Board requiring administrative action.

The Superintendent/President may delegate any powers and duties entrusted to him or her by the Board but will be specifically responsible to the Board for the execution of such delegated powers and duties.

The Superintendent/President shall ensure that all relevant laws and regulations are complied with, and that required reports are submitted in a timely fashion.

42.    Board Policy 4030, "Academic Freedom," contains the following language:

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

The academic freedom policy of the Antelope Valley Community College District is part of the Antelope Valley College Faculty Collective Bargaining Agreement with the District (Article VII, Section 7.0, Academic Freedom).

Freedom of expression is a legal right protected by the Constitution of the United States.  This right is especially important in the academy.  Academic freedom in the pursuit and dissemination of knowledge in an educational environment shall be ensured and maintained.  Such freedom shall be recognized as a right of all members of the faculty, whether of tenure or non-tenure rank.

To ensure this freedom, faculty shall not be subjected to censorship or discipline solely on the grounds that he or she has expressed opinions or views, or provided access to opinions or views, which are controversial or unpopular.  Antelope Valley College faculty have a special responsibility to insist that their institution does not yield to ephemeral passion or heavy community pressures to take hasty actions that may infringe on freedom of expression.

Faculty have a responsibility to present the subject matter of their courses as announced to students and as approved by the faculty in their collective responsibility for the curriculum.  However, since instructors are responsible for implementing the learning process, they therefore have the freedom to select materials, methods of application, and procedures in carrying out their job duties.  A faculty member is also free to present and discuss subject matter in a practical and relevant format.  In areas of controversy, one has the right to express an opinion related to subject matter, and an expression of differing points of view should be allowed and encouraged.  Within and beyond the academic community, a faculty member is free to speak or write, as a citizen, without fear of institutional censorship or discipline.

If academic freedom of a faculty member is either impeded or brought into question, the code of ethics shall be consulted and the grievance policy shall be followed.

43.    In order to meet its Accreditation Standard, the District is required to uphold a written code of ethics for all of its personnel.  Toward that end, the

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

District's Administrative Policy 3050, "Institutional Code of Ethics," requires District employees to, among other things:

> Act within applicable laws, codes, regulations, and District policies and procedures.

> Maintain a working and learning environment free from harassment as defined by District policies.

> Respect the integrity and professionalism of administrators, faculty, staff and students.

**F.    Defendants' Unconstitutional Treatment of Plaintiff Hodge**

44.    While acting under color of law, the District, acting through Defendants Buffalo, Wilson, Wienke, Adams, Seefus and Montano, AVC, Fisher, Turner, Cowell, and Lowry, violated Mr. Hodge's constitutional rights under the First and Fourteenth Amendments of the United States Constitution through the following acts.

45.    Defendants unconstitutionally attempted to limit and censor Mr. Hodge's speech and expressive conduct by infringing upon his ability to disseminate knowledge that is appropriate and necessary in his EMT 101 class.

46.    Defendants unconstitutionally attempted to limit and censor Mr. Hodge's speech and expressive conduct when the District's evaluation team assigned him a "needs improvement" evaluation and punished him for using certain speech and gestures when describing an actual EMT emergency call.

47.    Defendants unconstitutionally attempted to limit and censor Mr. Hodge's speech and expressive conduct through discipline and punishment when the District's evaluation team required him to prepare a 10-page paper on diversity and to submit in advance a lesson plan on diversity for his EMT 101 class.

48.    Defendants unconstitutionally limited and censored Mr. Hodge's speech when Defendant Turner prohibited him from delivering his lesson on

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

cultural diversity, and threatened him with further disciplinary action in the event he went forward with his lesson.

49.    Defendants unconstitutionally limited Mr. Hodge's speech and expressive conduct when Defendant Turner accused him of deprecating cultural beliefs in his EMT 101 class, and of violating the District's code of ethics by virtue of the speech and gestures he used when describing an actual EMT emergency call when teaching his class.

50.    Defendants unconstitutionally limited Mr. Hodge's speech and expressive conduct when Defendant Turner stated to him that AVC's evaluation team was required to provide him with the "guidance and tools" to correct the "deficiency" in his classroom teaching, said "deficiency" being his speech and expressive conduct.

51.    Defendants unconstitutionally limited Mr. Hodge's speech and expressive conduct when Defendant Turner stated to him that "the District's interests in regulating speech that deprecates cultural beliefs" outweighs his First Amendment right to make the statements he made during his lecture.

52.    Defendants unconstitutionally limited Mr. Hodge's speech and expressive conduct when Defendant Turner ratified the acts of Defendants AVC, Cowell, Lowry and the District when he stated to Mr. Hodge that their discipline and punishment of him had been appropriate.

53.    Defendants unconstitutionally limited Mr. Hodge's speech and expressive conduct when Defendant Fisher ratified the acts of Defendants AVC, Cowell, Lowry, Turner and the District when he denied Mr. Hodge's appeal of Defendant Turner's decision and stated that Defendants Turner, Cowell and Lowry had not violated his academic freedom.

54.    Defendants unconstitutionally limited Mr. Hodge's speech and expressive conduct when the Defendant members of the District's Board of

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

1  Trustees ignored his appeal in which he advised that Defendants had violated his
2  First Amendment rights, thereby ratifying the violation of his rights.

3      55.   All of the aforementioned conduct by Defendants toward Mr. Hodge
4  was motivated by the speech and expressive conduct used by him during his April
5  22, 2010 EMT 101 class when he was accurately describing the scene of an actual
6  emergency call that was relevant to the subject matter of the class.  Absent Mr.
7  Hodge's speech and expressive conduct, Defendants would not have engaged in
8  the disciplinary actions and punishment of Mr. Hodge described above.

9      56.   All of the aforementioned conduct by Defendants toward Mr. Hodge
10  was done under color of state law.

11      57.   All of the aforementioned conduct by Defendants toward Mr. Hodge
12  was in violation of the District's Board Policy 4030 and Administrative Policy
13  3050.

14      **G.   The Injuries Sustained by Mr. Hodge**

15      58.   Each of Defendants' actions described above, relating to the discipline
16  and punishment of Mr. Hodge, was based in whole or in part on his speech and
17  expressive conduct in his EMT 101 class on April 22, 2010.

18      59.   Defendants' actions damaged Mr. Hodge's reputation, caused him
19  stress and emotional injuries, consumed hours of time during which he tried to
20  defend himself, and irreparably injured his constitutional rights to free speech,
21  academic freedom, due process of law, and equal protection of law.

22      60.   Mr. Hodge's name is now linked on the AVC campus with allegations
23  of "deprecation of cultural belief," insensitivity to diversity, and unethical
24  behavior.

25      61.   Mr. Hodge has also been irreparably damaged in his profession as a
26  college instructor.  At a time when college campuses are rife with knee-jerk
27  overreactions to anything perceived as cultural insensitivity, Defendants' actions

28

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

Hodge Complaint(Rev6).doc            13
                            **COMPLAINT**

toward Mr. Hodge will likely limit his opportunities and ability should he choose to seek future employment teaching in his field at other colleges or universities.

62.    Mr. Hodge has diligently attempted to mitigate his damages by consistently defending himself against Defendants' actions, as evidenced by his appeals to every level of the District and AVC hierarchy including up to the President/Superintendent and Board of Trustees, all to no avail.

## FIRST CAUSE OF ACTION

### First Amendment Retaliation

### Violation of Freedom of Speech (42 U.S.C. § 1983)

63.    Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

64.    By subjecting Mr. Hodge to disciplinary actions and punishment based on his protected speech and expressive conduct in his EMT 101 class on a matter of public concern, among other things, Defendants, by policy and practice, and acting under color of state law, have retaliated against Plaintiff because of his free expression and have deprived him of his ability to freely express his ideas on issues of public concern at AVC.

65.    Defendants, acting under color of state law, and by policy and practice, knew or should have known that they explicitly and implicitly discriminated against Plaintiff for exercising his clearly established right to free speech on issues of public concern and right to academic freedom as secured by the First Amendment to the United States Constitution.

66.    Because of Defendants' actions, Plaintiff has suffered, and continues to suffer, economic injury and irreparable harm. He is, therefore, entitled to equitable relief and an award of monetary damages.

67.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory and injunctive relief requiring Defendants to remove from his employment file(s) all records of punishment and remediation with respect to this

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

1  matter and to refrain from further infringement on his rights to freedom of speech

2  and academic freedom, and for a finding that Defendants have denied his rights of

3  free speech, academic freedom, equal protection and due process.  Additionally,

4  Plaintiff is entitled to monetary damages, including compensatory and punitive

5  damages and his reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**Violation of Plaintiff's First Amendment Rights**

**to Freedom of Speech and Academic Freedom (42 U.S.C. § 1983)**

9      68.    Plaintiff repeats and realleges each of the foregoing allegations in this

10  Complaint.

11      69.    By subjecting Plaintiff to disciplinary action and punishment based on

12  his protected expression in lecturing his EMT 101 on a matter of public concern,

13  among other things, Defendants, by policy and practice, have discriminated against

14  him on the basis of viewpoint and content and have deprived Plaintiff of his ability

15  to express his ideas freely on issues of public concern at AVC.

16      70.    Defendants, acting under color of state law, and by policy and

17  practice, knew or should have known that they explicitly and implicitly

18  discriminated against Plaintiff for exercising his clearly established right to free

19  speech on issues of public concern and right to academic freedom as secured by

20  the First Amendment to the United States Constitution.

21      71.    Because of Defendants' actions, Plaintiff has suffered, and continues

22  to suffer, economic injury and irreparable harm.  He, therefore, is entitled to

23  equitable relief and an award of monetary damages.

24      72.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to

25  declaratory and injunctive relief requiring Defendants to remove from his

26  employment file(s) all records of punishment and remediation with respect to this

27  matter and to refrain from further infringement on his rights to freedom of speech

28  and academic freedom, and for a finding that Defendants have denied his rights of

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

Hodge Complaint(Rev6).doc

15

**COMPLAINT**

1    free speech, academic freedom, equal protection and due process. Additionally,

2    Plaintiff is entitled to monetary damages, including his reasonable attorneys' fees

3    and costs.

### THIRD CAUSE OF ACTION

### Violation of Plaintiff's Fourteenth Amendment Right

### to Equal Protection of Law (42 U.S.C. § 1983)

7    73.    Plaintiff repeats and realleges each of the foregoing allegations in this

8    Complaint.

9    74.    By subjecting Plaintiff to disciplinary action and punishment based on

10   his protected expression in lecturing his EMT 101 on a matter of public concern,

11   among other things, Defendants, by policy and practice, have treated Plaintiff

12   differently from similarly situated teachers and professors at the District, and

13   deprived Plaintiff of his ability to freely express his ideas on issues of public

14   concern at AVC.

15   75.    Defendants, acting under color of state law, and by policy and

16   practice, knew or should have known that they explicitly and implicitly

17   discriminated against Plaintiff on the basis of viewpoint, and deprived him of his

18   clearly established right to equal protection of law as secured by the Fourteenth

19   Amendment to the United States Constitution.

20   76.    Because of Defendants' actions, Plaintiff has suffered, and continues

21   to suffer, economic injury and irreparable harm.  He, therefore, is entitled to

22   equitable relief and an award of monetary damages.

23   77.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to

24   declaratory and injunctive relief requiring Defendants to remove from his

25   employment file(s) all records of punishment and remediation with respect to this

26   matter and to refrain from further infringement on his rights to freedom of speech

27   and academic freedom, and for a finding that Defendants have denied his rights of

28   free speech, academic freedom, equal protection and due process. Additionally,

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

Hodge Complaint(Rev6).doc

16

**COMPLAINT**

1  Plaintiff is entitled to monetary damages, including his reasonable attorneys' fees
2  and costs.

## FOURTH CAUSE OF ACTION

### Violation of Plaintiff's Fourteenth Amendment Right
### to Due Process of Law (42 U.S.C. § 1983)

6  78.    Plaintiff repeats and realleges each of the foregoing allegations in this
7  Complaint.

8  79.    By failing to properly respond to Plaintiff's appeals of Defendants'
9  disciplinary action and punishment, Defendants, by policy and practice, have
10  denied Plaintiff due process of law.

11  80.    Defendants, acting under color of state law, and by policy and
12  practice, knew or should have known that they explicitly and implicitly
13  discriminated against Plaintiff on the basis of viewpoint and deprived him of his
14  clearly established right to due process of law as secured by the Fourteenth
15  Amendment to the United States Constitution.

16  81.    Because of Defendants' actions, Plaintiff has suffered, and continues
17  to suffer, economic injury and irreparable harm.  He is, therefore, entitled to
18  equitable relief and an award of monetary damages.

19  82.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to
20  declaratory and injunctive relief requiring Defendants to remove from his
21  employment file(s) all records of punishment and remediation with respect to this
22  matter and to refrain from further infringement on his rights to freedom of speech
23  and academic freedom, and for a finding that Defendants have denied his rights of
24  free speech, academic freedom, equal protection and due process. Additionally,
25  Plaintiff is entitled to monetary damages, including his reasonable attorneys' fees
26  and costs.

27  / / /
28  / / /

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

Hodge Complaint(Rev6).doc

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lance Hodge respectfully requests that the Court enter judgment against Defendants Antelope Valley Community College District; Members of the Board of Trustees: Steve Buffalo, Earl J. Wilson, Betty Wienke, Michael Adams, Jack Seefus, and Mayela Montano; Antelope Valley College; Dr. Jackie L. Fisher, Sr.; Shane Turner; Sharon Lowry; and Dr. Karen Cowell; and provide him with the following relief:

1.      A declaratory judgment stating that Defendants' disciplinary action and punishment of Plaintiff based on Plaintiff's protected expression violated his rights to free speech, academic freedom, due process and equal protection of law as guaranteed under the First and Fourteenth Amendments to the United States Constitution;

2.      A permanent injunction requiring Defendants to expunge from Plaintiff's personnel and employment files any negative evaluations, findings, determinations, evidence or documents relating to his exercise of free expression during his EMT 101 class on April 22, 2010;

3.      Monetary compensation to compensate Plaintiff for damage to his reputation, and physical and/or emotional injury and distress as a result of Defendants violating Plaintiff's First Amendment rights to freedom of speech and academic freedom and Fourteenth Amendment rights to due process and equal protection of law;

4.      Monetary punitive damages for Defendants' actions in violating Plaintiff's First Amendment rights to freedom of speech and academic freedom and Fourteenth Amendment rights to due process and equal protection of law;

5.      Plaintiff's reasonable costs and expenses of this action, including attorney's fees, in accordance with 42 U.S.C. § 1988 and other applicable law;

6.      All other relief to which Plaintiff may be entitled; and

/ / /

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

7.     That this Court retain jurisdiction of this matter for the purpose of enforcing this Court's orders.

DATED: January 27, 2012

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

BY: _____
ARTHUR I. WILLNER
Attorneys for Plaintiff LANCE HODGE

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

Hodge Complaint(Rev6).doc

19

**COMPLAINT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV12- 780 PSG (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Arthur I. Willner, SBN 118480
Gladstone Michel Weisberg Willner & Sloane ALC
4551 Glencoe AVenue, Suite 300
Marina del Rey, CA 90292
Tel. (310) 821-9000; Fax (310) 775-8775

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LANCE HODGE

PLAINTIFF(S)

v.

ANTELOPE VALLEY COMMUNITY COLLEGE
DISTRICT; ANTELOPE VALLEY COLLEGE;
et al.

SEE ATTACHED

DEFENDANT(S).

CASE NUMBER

**CV12-00780** PSG (Ex)

**SUMMONS**

TO:   DEFENDANT(S):   ANTELOPE VALLEY COMMUNITY COLLEGE DISTRICT;
                      ANTELOPE VALLEY COLLEGE; "Additional Parties Attachment Form
      A lawsuit has been filed against you.                          is attached."

        Within _____ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney, _____, whose address is
_____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

JAN 27 2012

Dated: _____

Clerk, U.S. District Court

By: _____
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                          **SUMMONS**

ARTHUR I. WILLNER (SBN 118480)
GLADSTONE MICHEL
WIESBERG WILLNER & SLOANE ALC
A Law Corporation
Mail Service:
  Post Office Box 92621
  Los Angeles, CA 90009-9998
Location:
  4551 Glencoe Avenue, Suite 300
  Marina del Rey, CA 90292-7925
Tel: (310) 821-9000 • Fax: (310) 775-8775

Attorneys for Plaintiff LANCE HODGE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE HODGE, | CASE NO. |
| Plaintiff, | |
| vs. | |
| ANTELOPE VALLEY COMMUNITY COLLEGE DISTRICT; ANTELOPE VALLEY COLLEGE; The Trustees of the Antelope Valley Community College District: STEVE BUFFALO, EARL J. WILSON, BETTY WEINKE, MICHAEL ADAMS, JACK SEEFUS, and MAYELA MONTANO, all in their individual and official capacities; DR. JACKIE L. FISHER, SR., in his individual and official capacities as Superintendent/President of the Antelope Valley Community College District; SHARON LOWRY, in her individual and official capacities as Assistant Superintendent/Vice President of Academic Affairs; SHANE TURNER, in his individual and official capacities as Vice President of Human Resources and Employee Relations; DR. KAREN COWELL, in her individual and official capacities as Dean of Health Sciences; and DOES 1 through 10, Inclusive | **COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |
| Defendants. | |

GLADSTONE MICHEL
WIESBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LANCE HODGE

**DEFENDANTS**
ANTELOPE VALLEY COMMUNITY COLLEGE DISTRICT; ANTELOPE VALLEY COLLEGE; STEVE BUFFALO; EARL J. WILSON; BETTY WEINKE; MICHAEL ADAMS; ET AL.

**(b)** County of Residence of First Listed Plaintiff   Tulare
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gladstone Michel Weisberg Willner & Sloane, ALC; 4551 Glencoe Ave, Ste. 300; Marina del Rey, CA 90292; Tel. (310) 821-9000
By: Arthur I. Willner, SBN 118480

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | **LABOR** | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983; First and Fourteenth Amendments U.S. Constitution
Brief description of cause:
Declaratory and injunctive relief and damages for violation of First Amendment right in academic setting

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

CV12-00780

JUDGE                                DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 01/27/2012 | Arthur I. Willner |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?   ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Tulare |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   **Date** _____

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |